IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA DE KRUYF,

    Plaintiff,

vs.                                                                                          CIV No. 12-331 LH/GBW

HOLLOMAN AIR FORCE BASE,
and COLONEL DAVID KRUMM,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Colonel David Krumm's Motion to Dismiss, filed June 8, 2012 (Doc. 14), brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Pro se* Plaintiff Maria De Kruyf has not responded to the motion. The Court, having considered the motion, the Complaint, and the applicable law, and otherwise being fully advised, concludes that Defendant's motion to dismiss should be granted and that Holloman Air Force Base must also be dismissed as an improper defendant.

**I.  FACTUAL BACKGROUND**

Plaintiff alleges that F22 Raptor jets at Holloman Air Force Base are flying too low during training practices above her property, which is located in a "densely populated" area near Las Cruces, N.M., creating "many and some severe sonic booms" that shake her home. (Pl.'s Complaint, at 2.) These sonic booms cause her and her pets to be distressed, and the stucco exterior of her home and her rock wall to crack. (Pl.'s Complaint, Ex. at 19, 22.) The Plaintiff claims that Col. Krumm, who is the commander of the 49th Wing at Holloman AFB, "has misused his power" apparently by not responding in a meaningful way to citizens' complaints about the sonic booms.

(*See id.* at 2.) Count I of her complaint alleges violation of Plaintiff's "civil rights" of "freedom of speech, freedom of religion, and freedom from interference with our homes and neighborhoods." (*Id.* at 3.) Count II alleges "damage to personal property and mental aggravation to humans and animals." *(Id.)* Count III alleges "FAA violation" and contends that air craft should fly above 30,000 feet and at supersonic speeds only in "specially designated areas." (*Id.* at 4.) Plaintiff seeks $10,000 for property damage and $40,000 for "mental aggravation." *(Id.* at 5.)

## II. STANDARD

> When resolving a motion to dismiss brought under Rule 12(b)(6), the Court accepts
>
> as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.

*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted). The Court determines whether the complaint contains "'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court may "consider not only the complaint itself, but also attached exhibits." *Smith*, 561 F.3d at 1098. The Court interprets pro-se pleadings liberally, but it does not "assume the role of advocate," and pro-se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted). A pro-se plaintiff, therefore, "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

## III. ANALYSIS

**A. Plaintiff has failed to state a cognizable claim against Col. Krumm.**

Plaintiff used a form Complaint that alleges jurisdiction and brings suit solely under 42 U.S.C. § 1983, (*see* Pl.'s Complaint at 1), but as a federal official Col. Krumm was not acting under color of state law when he allegedly ignored complaints about purported civil-rights violations, and § 1983, therefore, does not apply to the facts of this case. *See Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) ("Section 1983 has no application to federal officers acting pursuant to federal law."). Further, the Court agrees with Col. Krumm that it should not interpret the allegations in the Complaint as seeking the creation of a private cause of action against Col. Krumm under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Because implied causes of action are disfavored, the Court has been reluctant to extend *Bivens* liability to any new context or new category of defendants.") (internal quotation marks omitted); *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (noting that the Supreme Court has "in most instances … found a *Bivens* remedy unjustified"); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (noting that the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants").

Further, the Military Claims Act ("MCA"), 10 U.S.C. § 2733, provides an existing process to recover, directly from the federal government, damages related to personal injury and property damage allegedly caused by military training exercises. Plaintiff refers to claims that she administratively filed with the Air Force for personal injury and property damage from the sonic booms, and notes that the claims were denied and that her appeal was also denied. (*See* Pl.'s Complaint, at 5.) She attaches the letter denying her appeal, which notified her that she had six months from the denial of the appeal to file suit in federal district court under the Federal Tort Claims Act ("FTCA"). (*See* Pl.'s Complaint at 26.) The Air Force's decision is unreviewable. *See*

10 U.S.C. § 2735 ("Notwithstanding any other provision of law, the settlement of a claim under section 2733 . . . of this title is final and conclusive."); *Labash v. United States Dep't of Army*, 668 F.2d 1153, 1155 (10th Cir. 1982) ("It is clear that the Secretary's denial of this claim was a "settlement," as defined by the statute, and that the statute contemplates no further review of the Secretary's decision.")

If the Court construes Plaintiff's Complaint as one brought under the FTCA, Col Krumm must be dismissed as a defendant because federal government employees and officers are immune "from suit even when an FTCA exception precludes recovery against the Government." *United States v. Smith*, 499 U.S. 160, 165 (1991). "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001). The Court must dismiss all claims against Col. Krumm.

**B. The Court must dismiss Holloman Air Force Base as a party.**

Insofar as Plaintiff is seeking damages against Holloman Air Force base under the FTCA, the Court will also *sua sponte* dismiss it as a party. *See Smith*, 531 F.3d at 1099 (affirming dismissal of individual federal officers and federal agencies as improper parties in a claim brought under the FTCA because "the United States is the only proper defendant in an FTCA action") (internal quotation marks omitted). While the Court usually will permit substitution of the United States as the defendant in place of its agency or department, in the circumstance in which Plaintiff did not respond to the motion to dismiss when Col. Krumm brought to her attention that she cannot sue a federal agency or department under the FTCA, (*see* Doc. 14 at 2 n.2), the Court will not presume that Plaintiff has not decided to abandon her claims. The Court will, therefore, dismiss without prejudice Holloman Air Force Base as a party.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss [Doc. 14] is

**GRANTED** and all claims against Colonel Krumm are **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED** that all claims against Holloman Air Force Base are **DISMISSED WITHOUT PREJUDICE.**

                                          _____
                                          **SENIOR UNITED STATES DISTRICT JUDGE**